UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

    v.

Lorin Buckner

    Defendant.

Case No.  1:19cr024-1

Judge Michael R. Barrett

## OPINION AND ORDER

This matter is before the Court on pro se Defendant Lorin Buckner's Motion for Severance (Doc. 172) and Motion to Dismiss (Doc. 173). The Government filed Responses in Opposition. (Docs. 175, 176). The Court held a hearing regarding these matters on July 9, 2020.

### I. BACKGROUND

Defendant Buckner has been charged as part of a 26-count Indictment, filed on March 6, 2019, in which 22 counts apply to him: one count of conspiracy to commit mail and wire fraud, three counts of mail fraud, seven counts of wire fraud, nine counts of bankruptcy fraud, one count of bank fraud, and one count of aggravated identity theft. (Doc. 16). There are 11 individual Defendants and three corporate Defendants in this matter. *Id.* In short, the Indictment alleges that Defendants, in various roles, "engaged in a nationwide scheme to defraud distressed homeowners by falsely representing that they could help the homeowners save their homes." (*Id.* ¶ 15).

Defendant Buckner appeared before the Court for an Initial Appearance on March 13, 2019, during which the Court appointed CJA Panel Attorney William Gallagher

to represent him. (Docs. 35, 37). Defendant Buckner was temporarily detained for one-day pending a March 14, 2019, Detention Hearing and Arraignment after which the Court released him on an O.R. bond with pretrial supervision and certain conditions of release. (Docs. 38, 42, 43).

On March 19, 2019, the Court granted Defendant Buckner's motion, filed through his former attorney, to travel to Illinois for two days. (Docs. 58, 59). On April 2, 2019, the Court granted Defendant Buckner's opposed motion, filed through his former attorney, to remove electronic monitoring as a condition of bond. (Docs. 81, 95, 97).

In a May 23, 2019 Order, the Court declared this case to be complex for purposes of the Speedy Trial Act due to the nature of the prosecution—including the length of the investigation, number of agencies involved, nature of the charges, number of defendants, and voluminous discovery. (Doc. 122, PageID 635) (citing 18 U.S.C. § 3161(h)(7)(B)(ii)). On May 29, 2019, due to the complexity of the case, as described in the May 23, 2019, Order, and particularly the voluminous discovery, the Court appointed a Discovery Coordinator. (Doc. 124).

On June 25, 2019, the Court granted Defendant Buckner's motion, filed through his former attorney, to modify his bail such that he could communicate with Defendant Stevenson regarding their automobile and rental property interests if at least one counsel of record is present (or is carbon copied). (Doc. 131).

Defendant Buckner and CJA Attorney Gallagher each filed Motions to Withdraw CJA Attorney Gallagher as counsel of record in the middle of October 2019. (Docs. 149,

2

150). In November 2019, the Court held a hearing on the matter, granted the motions, and appointed CJA Attorney Paul Laufman to represent Defendant Buckner in this matter. (Docs. 151, 153).

On March 10, 2020, CJA Attorney Laufman filed a Motion to Withdraw indicating that Defendant Buckner informed him that he wishes to proceed pro se. (Doc. 163). On May 1, 2020, the Court held a hearing on CJA Attorney Laufman's Motion and conducted a *Faretta* inquiry with Defendant Buckner. *See Faretta v. California*, 422 U.S. 806, 833-34 (1975); *United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004) (explaining that a *Faretta* inquiry is a series of questions from the BENCH BOOK FOR UNITED STATES DISTRICT COURT JUDGES that judges use to ensure that a defendant knowingly and voluntarily waives his or her right to counsel before allowing a defendant to exercise the right to self-representation). Defendant Buckner insisted on proceeding pro se notwithstanding the Court's inquiry and after a full colloquy regarding the potential difficulties of self-representation. The Court granted CJA Attorney Laufman's Motion and Defendant Buckner is currently proceeding pro se. (Doc. 171). Defendant Buckner subsequently filed the two Motions currently before the Court (Docs. 172, 173), the Government responded (Docs. 175, 176), and the Court held the July 9, 2020 hearing.

The last of Defendant Buckner's co-Defendants to be arraigned in the Southern District of Ohio were Defendant Balmacoon and Defendant Sealy on April 24, 2019. (Docs. 113, 114). Moreover, co-Defendant Sealy has filed several motions while this matter has been pending, the first of which he filed on April 22, 2019, and the most recent

3

of which he filed on June 22, 2020. (Docs. 104, 116, 138, 141, 144, 157, 162, 167, 179).

The Court has held numerous telephone status conferences in this matter, including on: May 16, 2019, June 14, 2019, September 23, 2019, December 10, 2019, March 11, 2020, May 12, 2020, June 11, 2020, July 17, 2020, and August 18, 2020. The Court has also issued Orders to Continue finding that that the ends of justice served outweigh the best interest of the public and Defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), (B)(iv), and permitting a continuance. (Docs. 122, 130, 148, 156, 166, 174, 178, 185, 192). Most recently, three of Defendant Buckner's co-Defendants have entered into plea agreements and the Court set a motions deadline of September 18, 2020. Aug. 18, 2020 Minute Entry.

## II. ANALYSIS

### a. Motion for Severance

Federal Rule of Criminal Procedure 8(a), regarding joinder of offenses, states that "[t]he indictment [] may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Federal Rule of Criminal Procedure 8(b), regarding joinder of defendants, provides that an "indictment [] may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). And, "[t]he defendants may be charged in one or more

4

counts together or separately" and "[a]ll defendants need not be charged in each count." *Id.* Federal Rule of Criminal Procedure 14(a), regarding relief from prejudicial joinder, states that, "[i]f the joinder of offenses or defendants in an indictment [] or a consolidation for trial appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a).

"[O]nce the Rule 8 requirements [are] met by the allegations in the indictment, severance thereafter is controlled entirely by [Rule] 14, which requires a showing of prejudice." *United States v. Lane*, 474 U.S. 438, 447 (1986) (citing *Schaffer v. United States*, 362 U.S. 511, 515-16 (1960)). "When a defendant seeks a severance, he has a heavy burden of showing specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993); *accord Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) ("To prevail on a request for severance the defendant must show compelling, specific, and actual prejudice.").

"There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)); *accord United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) ("[A]s a general rule, persons jointly indicted should be tried together."). "[T]he jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately." *United States v. Warner*, 690 F.2d 545, 553 (6th Cir. 1982).

5

In his Motion for Severance, and appearing to rely on Federal Rules of Criminal Procedure 8 and 14, Defendant Buckner asserts joinder is improper and severance is warranted, as he will be prejudiced "because there was little evidence to show that [he] was aware of the any wrongdoing by management" and "[i]n the capacity of an affiliate [he] would have no knowledge of the day to day operations of the companies or upper management." (Doc. 172 PageID 856).

As an initial matter, joinder of the offenses and Defendants in this matter is procedurally proper under Federal Rule of Criminal Procedure 8. The Indictment alleges that Defendants, in various roles, engaged in a nationwide scheme to defraud distressed homeowners by falsely representing that they could help the homeowners save their homes and reduce their mortgage obligations and then charges Defendants with specific acts and transactions related to the alleged nationwide scheme *e.g.*, conspiracy to commit mail and wire fraud, mail fraud, wire fraud, bankruptcy fraud, bank fraud, and aggravated identity theft. (Doc. 16). The alleged acts "are connected with or constitute parts of a common scheme or plan" and are consequently properly joined under Federal Rule of Criminal Procedure 8(a). Likewise, the Court finds that the requirements of Federal Rule of Criminal Procedure 8(b) are met, as Defendant Buckner and his co-Defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). As the Government explains, in its attempt to prove its case to the jury, it "must necessarily introduce evidence concerning the existence of the conspiracy and each defendant's

6

(including Buckner's) connection to it." (Doc. 175 PageID 951). Defendant Buckner's conclusory assertion otherwise is not persuasive.

Turning to considerations under Federal Rule of Criminal Procedure 14 and the propriety of severance, *see Lane*, 474 U.S. at 447, at the July 9, 2020 hearing, the Court inquired whether any of Defendant Buckner's co-Defendants who also plan to go to trial have made statements to the Government implicating Defendant Buckner. The Government indicated that no co-Defendants had made such statements as of the date of the hearing. There is no indication that co-Defendants will implicate Defendant Buckner in their defense or defenses at trial. And, although Defendant Buckner asserts that he will suffer prejudice if jointly tried with his co-Defendants because "there is little evidence to show that [he] was aware of any wrongdoing by management," alleging an insufficient amount of evidence is simply not the relevant burden on a defendant moving to sever his trial from that of his co-defendants; rather, he must show specific and compelling prejudice *e.g.* by providing specific facts regarding how he would be prejudiced, at the substantive level, by being tried with co-Defendants. *See United States v. Summers*, No. 3:17-CR-68-TBR, 2018 WL 345113, at *4 (W.D. Ky. Jan. 9, 2018); *cf. Harris*, 9 F.3d at 500 ("A defendant is not entitled to a severance simply because the proof is greater against a co-defendant.").

Accordingly, at this time, and based on the parties' briefing and the Government's response at the hearing, the Court is not convinced that Defendant Buckner has met his burden of showing specific and compelling prejudice such that severance is warranted.

*See id.*; *Thomas*, 849 F.3d at 675. As the Court explained to Defendant Buckner at the hearing, it will monitor additional plea agreements and cooperation, if any, that occur. The Court will deny his current motion without prejudice subject to refiling and review of the matter before trial.

### b. Motion to Dismiss

The Speedy Trial Act, 18 U.S.C. § 3161, "provides that, subject to certain periods of exclusion, the trial of a defendant who has pleaded not guilty to a charge in an information or indictment, 'shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant . . . [appears before] the court in which such charge is pending, whichever date last occurs.'" *United States v. Criswell*, 360 F. Supp. 3d 694, 703 (S.D. Ohio 2019) (citing 18 U.S.C. § 3161(c)(1), (h)). "In the event that 'a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.'" *Id.* (citing 18 U.S.C. § 3162(a)(2)).

As mentioned, certain time periods are excluded from the Speedy Trial Act's 70-day clock, including, for example: delay resulting from the filing of pretrial motions; delay during which any proceeding concerning the defendant is under advisement by the court; delay resulting from a reasonable period of delay when the defendant is joined for trial with co-defendants as to whom the trial has not run and no motion for severance has been granted; and delay resulting from a continuance finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in

8

a speedy trial ("ends-of-justice provision"). 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(6), (h)(7)(A). Regarding the last example, "[t]he district court has wide latitude in deciding how to exercise its discretion in applying the ends-of-justice provision of the Speedy Trial Act that governs whether a continuance should be granted." *United States v. Stewart,* 628 F.3d 246, 253 (6th Cir. 2010).

"Where, as is the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States v. Cope,* 312 F.3d 757, 776-77 (6th Cir. 2002). All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. *Henderson v. United States,* 476 U.S. 321, 323 n.2, (1986). "Moreover, the excludable delay of one defendant is also excluded for his codefendants." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009).

In his Motion to Dismiss pursuant to the Speedy Trial Act, Defendant Buckner moves to dismiss the case against him with prejudice. (Doc. 173). He states that he incorporates his attached Exhibit A as if it were fully stated in his argument. (*Id.* PageID 866). Exhibit A is a 72-page article titled "Speedy Trial Research Data" regarding "case law and Missouri regulatory schema" and notes that "[t]his material is research only." (Doc. 173, Ex. A, PageID 873). Although Defendant Buckner is proceeding pro se, and pro se defendants are held to less stringent standards than attorneys, the Court finds that incorporation of Exhibit A's compilation of research on the status of the Speedy Trial Act in Missouri state law does not assist the Court in deciding his Motion to Dismiss in this

9

federal court. *Cf. United States v. McKinney*, 375 F. App'x 479, 481 (6th Cir. 2010) ("We do not require a pro se party to meet the same standards in the presentation of his argument as we apply to attorneys."). Similarly, Defendant Buckner includes block quotes and stand-alone citations to various cases from this Court, the U.S. Court of Appeals for the Sixth Circuit, and the U.S. Supreme Court, but does not provide any analysis or argument regarding those citations (aside from his conclusion that a Speedy Trial Act violation has occurred), and the Court cannot, and will not, manufacture arguments on his behalf. (Doc. 173 PageID 869-71).

Defendant Buckner also includes three paragraphs of citations to various authorities, namely Missouri state law cases and a portion of the Speedy Trial Act, before concluding that "[t]his can only mean that there is a speedy trial violation in this case because this case has been in limbo (status quo) since March 13th 2019 (418 days) and trial has not begun." However, Defendant Buckner's argument ignores the permissible exclusions of time from the Speedy Trial Act's 70-day clock.

The 70-day clock in this case began on April 25, 2019, as the Court has not granted any motions for severance and Defendant Balmacoon and Defendant Sealy were the last co-Defendants to have their initial appearance and arraignments in the Southern District of Ohio and did so on April 24, 2019. (Docs. 113, 114); *see Cope,* 312 F.3d at 776-77; *Henderson,* 476 U.S. at 323 n.2.

Defendant Sealy filed two motions to dismiss on April 22, 2019 and the Court held a hearing on those motions on June 14, 2019. (Docs. 109, 110); June 14, 2019 Minute

10

Entry. As the excludable delay of Defendant Sealy is also excluded for Defendant Buckner, and "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on" the motion is a permissible period of excludable delay, the period from April 22, 2019 through June 14, 2019 is excluded from the 70-day clock in this case. *See* 18 U.S.C. § 3161(h)(1)(D); *Sobh*, 571 F.3d at 602; *see also United States v. Tinklenberg*, 563 U.S. 647, 653 (2011) (holding that § 3161(h)(1)(D) "stops the speedy trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins.").

The Court, using its discretion, has also issued specific "ends-of-justice" findings in Orders, pursuant to 18 U.S.C. § 3161(h)(7)(A), that exclude the period from May 17, 2019 to September 18, 2020 from the 70-day clock in this case. (Doc. 122) (excluding May 17, 2019 to June 14, 2019); (Doc. 130) (excluding June 14, 2019 to Sept. 13, 2019); (Doc. 148) (excluding Sept. 13, 2019 to Dec. 10, 2019); (Doc. 156) (excluding Dec. 10, 2019 to Mar. 11, 2020); (Doc. 166) (excluding Mar. 11, 2020 to May 12, 2020); (Doc. 174) (excluding May 12, 2020 to June 11, 2020); (Doc. 178) (excluding June 11, 2020 to July 17, 2020); (Doc. 185) (excluding July 17, 2020 to Aug. 18, 2020); (Doc. 192) (excluding Aug. 18, 2020 to Sept. 18, 2020); *see Stewart,* 628 F.3d at 253.

Notably, the first ends-of-justice Order in this case included the Court's certification that this criminal case is complex. (Doc. 122) (citing 18 U.S.C. § 3161(h)(7)(B)(ii)). The Court agrees, and specifically noted as such in its ends-of-justice Orders, that "[t]he continuances requested and granted [] have been designed to allow each defendant

11

sufficient time to review extensive discovery materials, confer with his or her counsel to prepare his or her defense, assess the need to present motions, and consider whether to explore or negotiate a potential plea." (Doc. 176 PageID 958).

Moreover, even assuming without deciding that motions filed pre-arraignment cannot toll the 70-day clock, Defendant Sealy also filed a motion on May 8, 2019 (a Motion to Disqualify the Magistrate Judge). *See* 18 U.S.C. § 3161(h)(1)(D); *Sobh*, 571 F.3d at 602; *see also Tinklenberg*, 563 U.S. at 653. Thus, assuming without deciding that motions filed pre-arraignment cannot toll the 70-day clock, at most 13 days of non-excludable delay (April 25, 2019 to May 8, 2019) would have passed in this matter.

To the extent that Defendant Buckner asserts that "[a]ny delays caused and recommended by ineffective counsel, which was replaced 2 times, are not accepted and void," he provides no authority to support the theory that he can revoke prior acceptance of the ends-of-justice continuances agreed to by prior counsel and there have been no findings that his prior CJA attorneys were ineffective. To the contrary, his prior counsel is to be credited for arguing effectively for his O.R. bond, his ability to travel to Chicago for two-days, the removal of electronic monitoring as a condition of his bond, and ability to communicate with his co-Defendant about their car and rental properties. Finally, the Court notes that it has not ordered Defendant Buckner to be detained while the parties coordinate with the Discovery Coordinator and review the voluminous discovery materials.

The Court finds that, from April 25, 2019 through the present, there have been

continuous periods of delay that are permissibly excluded from the 70-day clock—or 13 non-excludable days have passed—such that no Speedy Trial Act violation has occurred in this matter. Finally, Defendant Buckner's Motion to Dismiss specifically requests "dismissal pursuant to the Speedy Trial Act, 18 U.S.C. 3161 et seq." (Doc. 173 PageID 869). To the extent that he believes a Sixth Amendment violation has occurred, *cf.* (Doc. 176 PageID 956-64), he must file an appropriate motion, that includes supporting argument and analysis beyond stand-alone citations to case law, on or before the September 18, 2020 motions deadline.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Buckner's Motion for Severance (Doc. 172) and Motion to Dismiss (Doc. 173) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court