**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

      Plaintiff,                     Case No.  1:19cr024

           v.                     Judge Michael R. Barrett

Lorin Buckner, et al.,

      Defendants.

## ORDER

This matter is before the Court on the Government's Motion in Limine (Doc. 256), Defendant Garrett Stevenson's Motion in Limine (Doc. 272), and Defendant Dessalines Sealy's "Petition to Disclose Grand Jury Records" (Doc. 262) and "Affidavit Motion to Dismiss for Lack and Want of Subject Matter Jurisdiction" (Doc. 263).

### I.   MOTIONS IN LIMINE

As discussed at both the August 23, 2021 motions hearing and November 29, 2021 motion hearing, the Court takes the Government's and Defendant Stevenson's respective Motions in Limine under advisement and will rule on those motions at either the February 22, 2022 final pretrial conference or the proper time during trial.

### II.   PETITION TO DISCLOSE GRAND JURY RECORDS

Defendant Sealy's Petition to Disclose Grand Jury Records reiterates his previously rejected arguments regarding the validity of the Indictment in this matter and asks the Court to disclose grand jury records. (Doc. 262). The Court has already held that the Indictment in this matter is not defective. (Doc. 168). Defendant Sealy, nonetheless, asserts that "[t]here is no grand jury foreman signature on record," "[t]he[re] is not proof

on the record to show a grand jury voted to return an indictment," "[t]here are no grand jury transcripts on record," "[t]here are no grand jury minutes on record," "[t]here is no proof on record that the alleged grand jury consisted of the minimum 16 person required by law," and "[t]here is no proof on record that the alleged grand jury proceedings were recorded as required by law." (Doc. 262 PageID 1260-61).

To the extent that Defendant Sealy continues to argue that the Indictment is defective because the copy that he was served with does not contain the actual signature of the grand jury foreperson, the Court already explained that

> the Judicial Conference of the United States and the E-Government Act of 2002 prohibit documents containing identifying information about jurors or potential jurors from being included in the public case file." *Patterson v. United States*, No. 5:14-CR-289, 2018 WL 4958899, at *3 n.40 (N.D. Ohio Oct. 15, 2018) (citing *United States v. Reed*, 195 F. App'x 815, 819 (10th Cir. 2006)).

> Here, as with every indictment returned in this courthouse, the grand jury foreperson appeared before a federal magistrate judge to attest to the fact that a true bill had been returned and provided the magistrate judge with the original signed copy of the Indictment. A copy of the indictment got the mark "/s/" written on it by the foreperson and that copy was placed on the docket in an unsealed version for public access. The originally signed version is placed on the docket in a sealed fashion and is not accessible by the public, thereby protecting the identity of the foreperson. The Court attempted to explain the forgoing to Defendant [Sealy] at the July 2019 hearing, and Defendant [Sealy] was not satisfied. The Court requested that the Government supply, *in camera*, the Indictment, the Government has done so, and the Court has examined the document. The Indictment has been appropriately signed by the foreperson of the grand jury pursuant to Federal Rule of Criminal Procedure 6(c) and will remain under seal. Defendant's arguments in this respect are without merit.

(Doc. 168 PageID 846-47).

Further, "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). "Rule 6(e) of the Federal Rules of Criminal Procedure codifies the

traditional rule of grand jury secrecy" and generally prohibits disclosure of "matter[s] occurring before the grand jury. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983); FED. R. CRIM. P. 6(e)(2). Federal Rule of Criminal Procedure Rule 6(e)(3)(E)(i), though, provides that the court may order the disclosure of grand jury matters "at a time, in a manner, and subject to any other conditions that it directs . . . preliminarily to or in connection with a judicial proceeding." FED. R. CRIM. P. 6(e)(3)(E)(i). "A party seeking disclosure under Fed. R. Crim. P. 6(e) must demonstrate that a compelling need for disclosure exists which overcomes the general presumption in favor of grand jury secrecy." *Stanley v. Leibson*, No. 09-12202, 2010 WL 2854310, at *2 (E.D. Mich. July 20, 2010) (citing *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991)).

Defendant Sealy neither argues that grounds exist for a motion to dismiss because of matters occurring before the grand jury, nor presents evidence that a miscarriage of justice would result were he not provided this information. *See United States v. Kirkpatrick*, 172 F.3d 50 (6th Cir. 1998). His Petition is void of any alleged errors before the grand jury that he has exposed after his review of the discovery provided to him by the Government in this matter. His request is not tailored, fails to provide any specific details, and seeks an undefined universe of grand jury records. Defendant Sealy fails to demonstrate a compelling or particularized need required for disclosure of any grand jury documents in this matter. Accordingly, the Court will deny Defendant Sealy's Petition to Disclose Grand Jury Records.[1]

---

[1] Although Defendant Sealy does not request the testimony of a particular person who testified before the grand jury, the Court notes that the Government must provide any Jenks Act materials, for any government witness who will testify, to Defendants who so move for such information in this matter. *See* 18 U.S.C. § 3500(b) ("After a witness called by the United States has testified on direct examination, the court shall, *on motion of the defendant*, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the

Defendant Sealy also attaches two documents to his Petition to Disclose Grand Jury Records, both titled "NOTICE OF ACCEPTANCE OF CONSTITUTION AND OATH OF OFFICE." (Doc. 262-1). To the extent that Defendant Sealy attempts to bind the Court and its officers to a contract through this filing, the Court makes clear that his attempt has no legal effect or consequence in this action. *Cf. United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (rejecting the plaintiff's argument that, because of his status as a Moorish American National, he is immune from otherwise generally applicable laws and finding him competent to stand trial); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

### III.  MOTION TO DISMISS

Defendant Sealy's Affidavit Motion to Dismiss for Lack and Want of Subject Matter Jurisdiction appears to argue that the criminal case against him should be dismissed pursuant to the Fifth Amendment of the U.S. Constitution because there is not a valid grand jury Indictment against him. (Doc. 263).

The Court will not reiterate why the Indictment is valid despite the lack of the foreperson's actual signature on the copy that Defendants, including Defendant Sealy, received. (*Id.* PageID 1270, 1273-74). Likewise, and in light of the Court's prior *in camera* examination of the originally signed Indictment, Defendant's arguments that the Government "has been unable to validate" the existence of a grand jury and an

---

testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.") (emphasis added).

examination of the Indictment "will show that there is not grand jury signature on the document as required by law" must fail. (*Id.* PageID 1273).

Defendant Sealy's also makes conclusory allegations that the Court lacks jurisdiction over this matter because "[t]he[re] is no proof on the record to show a grand jury voted to return an indictment," "[t]here are no grand jury transcripts on record," "[t]here are no grand jury minutes on record," "[t]here is no proof on record that the alleged grand jury consisted of the minimum 16 person required by law," "[t]here is no proof on record that the alleged grand jury proceedings were recorded as required by law," "[t]he[re] is no proof of the existence of a grand jury on the record," "[t]he prosecutor's reference to the indictment and grand jury are unfounded and frivolous," "[t]he prosecution of this case is frivolous," and the Government "has no formal information or valid sworn complaint on the record and that D[efendant] Sealy has not been served with a sworn complaint, summons, citation, information or the like for the charges alleged in his case." (Doc. 263 PageID 1274, 1276). However, the record reflects that on March 6, 2019, the grand jury returned "A True Bill," signed by the Foreperson with his or her name properly redacted from the public Indictment, and Defendant Sealy appeared at an initial appearance and arraignment on the Indictment on April 24, 2019 during which he was provided a copy of the Indictment and waived reading of the Indictment in open court. (Docs. 16, 114). Nothing in Defendant Sealy's current motion, or his multiple prior motions, supports his unfounded conclusion that the Indictment was improperly returned. Defendant Sealy's vague and conclusory allegations do not require dismissal of this matter.

Defendant Sealy next argues that the Government refuses to provide him with "proper proof that a CLAIM/INDICTMENT exists to proceed" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 263 PageID 1277). Defendant Sealy fails to establish a *Brady* non-disclosure violation, as the copy of the Indictment that he was served with is proper and valid. The Court also previously ordered the Government to produce *Brady* materials by end of the year. (Doc. 274).

## IV.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED** the Government's and Defendant Stevenson's Motions in Limine (Docs. 256, 272) are **TAKEN UNDER ADVISEMENT**, and Defendant Sealy's "Petition to Disclose Grand Jury Records" (Doc. 262) and "Affidavit Motion to Dismiss for Lack and Want of Subject Matter Jurisdiction" (Doc. 263) are **both DENIED**.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court