UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

        v.                                    Case No. 1:19-cr-024-1

Lorin Buckner,                          Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court on Defendant Lorin Buckner's Motion for Acquittal. (Doc. 352). The Government filed a Response in Opposition. (Doc. 364).

### I. BACKGROUND

On December 1, 2022, a jury convicted Buckner, and co-Defendant Dessalines Sealy, of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 and conspiracy to commit bankruptcy fraud in violation of 18 U.S.C. § 371. (Doc. 341) (Jury Verdict as to Buckner). Buckner remains out on bond pending his sentencing. *But see United States v. Rankin*, 289 F. Supp. 3d 846, 848 (S.D. Ohio 2017) ("The reason for th[e] presumption in favor of post-conviction detention is straight forward: 'Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt has been established beyond a reasonable doubt, is presumably correct in law.'" (quoting *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988))).

Buckner moves for an acquittal pursuant to Federal Rule of Criminal Procedure 29 and cites "a lack of sufficient evidence to sustain the claims pertaining to the instant

matter" and "the inadmissibility of evidence pertaining to the instant matter on the basis of hearsay." (Doc. 352). With respect to the latter, Buckner does not elaborate or provide an example of specific evidence presented at the two-week jury trial in this matter that he believes constituted inadmissible hearsay. (*Id.*). As a matter of general jurisprudence, the Court cannot manufacture arguments on a party's behalf. The Court will thus not entertain Buckner's vague argument purportedly challenging alleged inadmissible hearsay.

## II.  ANALYSIS

Federal Rule of Criminal Procedure 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

### a. Timeliness

"A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1). While the 14-day filing deadline was once treated as jurisdictional, the U.S. Supreme Court has since clarified that the deadline is more appropriately considered a "rigid" claim processing rule. *United States v. Goins*, No. 4:20-CR-380, 2021 WL 6064788, at *2 (N.D. Ohio Dec. 22, 2021) (citing *Eberhart v. United States*, 546 U.S. 12, 13 (2005)). "The practical consequence of the shift in treatment of the filing deadlines is that the government may waive or forfeit its objection to the untimeliness of such motions." *Id.* at *3 (citing *Eberhart*, 546 U.S. at 15).

Here, the Government objects to Buckner's motion as untimely. (Doc. 364 PageID 2371). The jury returned its guilty verdict on December 1, 2022, and the Court discharged the jury immediately afterward that same day. Consequently, under Rule 29, Bucker had up to and including December 15, 2022 to file a motion pursuant to Rule 29. Bucker, however, waited until December 27, 2022 to file his motion. (Doc. 352). Buckner's motion is untimely, and, in light of the Government's objection, the Court will deny the motion as such. *See* FED. R. CRIM. P. 29(c)(1).

   **b. Merits**

Even assuming that Buckner's motion was timely, it would nevertheless fail on the merits. When evaluating Rule 29 motions, "the Court asks 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Helton*, 480 F. App'x 846, 848 (6th Cir. 2012) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "The Court does 'not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury,' but rather 'gives the prosecution the benefit of all reasonable inferences from the testimony.'" *Id.* (internal citations omitted) (first quoting *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005); and then quoting *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006)). "There is a 'strong presumption in favor of sustaining a jury conviction,' and a defendant seeking judicial reversal of a jury determination of guilt bears a 'very heavy burden.'" *Id.* (internal citations omitted) (first quoting *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994); and then quoting *Abboud*, 438 F.3d at 589).

Buckner's motion focuses almost exclusively on asserted failures in the allegations found in the Superseding Indictment. *See, e.g.*, (Doc. 352 PageID 2313) ("The Government's Indictment consists of nothing more than conclusory allegations with regards to the Defendant's intent which are entirely unsupported by evidence."). The time to challenge the sufficiency of the Superseding Indictment has long passed, as any such challenge was due before trial. *See* FED. R. CRIM. P. 12(b)(3)(B).

The remainder of Buckner's motion appears to be little more than his disagreement with the jury's credibility determinations and resolution of the record evidence. *See, e.g.*, (Doc. 352 PageID 2313) ("the Government attempts to assert that narrative that the Defendant was engaging in a course of conduct intending to deceive individuals when the same facts can lead to the inference that the [Defendant] was trying to help individuals in need by providing them assistance in a time in need when no one else was there to provide them with the same and there is an absence of any evidence to support one inference or the other."). However, the jury's unanimous verdict rejects Buckner's argument. And, a review of the evidence presented by the Government during the jury trial reveals that the record is replete with evidence:

- that, beginning in or around 2013 and continuing through at least 2018, Buckner, Sealy, and the other members of the conspiracy used the filing of skeletal bankruptcy petitions as a means of stalling the foreclosure process for distressed homeowners with no intention of actually following the bankruptcy process to its end;
- of email communications—between and among Buckner, Sealy, other members of the conspiracy, and distressed homeowners—in which

4

Buckner, Sealy, and other members of the conspiracy made material misrepresentations and concealed material facts about the services that Sealy, Buckner, and other members of the conspiracy could provide, as well as their success in obtaining positive results for their clients such as success in eliminating mortgages or negotiating significant reductions in mortgage payments;

- of the various mailers, flyers, communications, and payments sent through the U.S. mail and other means in furtherance of the scheme to defraud distressed homeowners;

- that Buckner and Sealy made material misrepresentations and concealed material facts in the multitude of bankruptcy petitions that they prepared, facilitated, and/or filed;

- that Buckner, Sealy, and other members of the conspiracy used coded language such as "pump fake" to describe their skeletal bankruptcy filing process and discussed targeting distressed homeowners in an effort to generate fees;

- that Buckner and other members of the conspiracy routinely made false statements in the bankruptcy petitions that they prepared, including regarding whether the homeowners had received the required credit counseling services and whether the homeowners had paid anyone for assistance in filing for bankruptcy; and

- a representative of the Bankruptcy Court testified that the Bankruptcy Court placed Buckner on formal notice of the impropriety of the petitions that he

5

was submitting, and such notice did not dissuade Buckner as he continued to draft, assist, and profit in the filing of these bogus petitions, often waiting in the downstairs lobby as he sent bankruptcy petitioners to the Bankruptcy Court to file the documents themselves.

In short, the Government presented ample, credible, and admissible evidence at trial to allow a reasonable juror to find, beyond a reasonable doubt, Buckner guilty as to the two counts in the Superseding Indictment. *See Jackson*, 443 U.S. at 319; *Helton*, 480 F. App'x at 848. Accordingly, even if Buckner's motion was timely, the Court would deny it on the merits.

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** that Defendant Buckner's Motion for Acquittal (Doc. 352) is **DENIED**.

**IT IS SO ORDERED.**

/s Michael R. Barrett\
Michael R. Barrett\
United States District Judge